# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN DEON TURNER, JR., | Case No. 1:19-cv-00610-AWI-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF MANDAMUS AND DECLARATORY RELIEF |
| v. | |
| JOHN BUONI, | |
| Respondent. | |

Petitioner Steven Deon Turner, Jr. is a state prisoner proceeding *pro se* with a petition for writ of mandamus and declaratory relief. In the instant petition, Petitioner challenges the sentence imposed by the United States District Court for the District of Kansas. As this Court does not have jurisdiction to entertain the instant petition, the undersigned recommends dismissal of the petition.

**I.**

**BACKGROUND**

Petitioner is currently incarcerated at the California Correctional Institution ("CCI") in Tehachapi, California. (ECF No. 1 at 3).[1] On April 29, 2019, Petitioner filed the instant petition in the United States District Court for the District of New Mexico. (ECF No. 1). On May 3, 2019, the United States District Court for the District of New Mexico transferred the petition to this Court. (ECF No. 2).

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

In the petition, Petitioner seeks a writ of mandamus and declaratory relief. (ECF No. 1 at 5–6). Petitioner challenges a new water scheme implemented by Respondent, the chief engineer at CCI, that Petitioner alleges is not in compliance with the Bacteriological Monitoring Requirements ("BMR"). Attached to the petition is a notification, dated March 7, 2019, which states that the Bacteriological Monitoring Requirements were not met for the CCI Tehachapi water system during January 2019 because CCI collected only three routine bacteriological samples instead of the required six. However, all collected samples were negative for total coliform bacteria. (ECF No. 1 at 12–13).

Petitioner requests that this Court declare that Respondent's implementation of the new water scheme system is in violation of the requirements of the BMR, the state water code, and the Eighth Amendment, and issue a writ of mandamus commanding Respondent to immediately halt implementation of the new water scheme. (ECF No. 1 at 6).

## II.

## DISCUSSION

"The writ of mandamus is a 'drastic and extraordinary' remedy 'reserved for really extraordinary causes.'" In re Van Dusen, 654 F.3d 838, 840 (9th Cir. 2011) (quoting Ex parte Fahey, 332 U.S. 258, 259–60 (1947)). See Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988) ("This Court repeatedly has observed that the writ of mandamus is an extraordinary remedy, to be reserved for extraordinary situations.").

The federal mandamus statute provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel *an officer or employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). "The federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties . . . ." Clark v. Washington, 366 F.2d 678, 681 (9th Cir. 1966). See also Davis v. Lansing, 851 F.2d 72, 74 (2d Cir. 1988) ("The federal courts have no general power to compel action by state officials . . . .").

The extraordinary remedy of mandamus is not available in the instant case because the named Respondent is not an officer, employee, or agency of the United States, and the Court

lacks jurisdiction to compel action by California state officials. Accordingly, the petition for writ of mandamus and declaratory relief should be dismissed for lack of jurisdiction. See Workman v. Mitchell, 502 F.2d 1201, 1205 (9th Cir. 1974) ("The Federal Declaratory Judgment Act does not establish a new basis for jurisdiction in the federal court; it merely establishes a new remedy, available in cases in which jurisdiction otherwise exists. The question, therefore, is whether the mandamus statute provides a jurisdictional basis for the declaratory relief plaintiffs seek.").

The Court notes that it appears Petitioner may be attempting to challenge his conditions of confinement as unconstitutional. Such claims may be more appropriately alleged in civil actions pursuant to 42 U.S.C. § 1983, which "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012) (internal quotation mark omitted) (quoting Devereaux v. Abbey, 263 F.3d 1070, 107 (9th Cir. 2001)). See Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) ("[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life."). The Court further notes that mandamus and prisoner civil rights actions differ in a variety of respects, such as filing fees,[2] exhaustion requirements,[3] and restrictions on future filings (e.g., the Prison Litigation Reform Act's three-strikes rule). This dismissal would not preclude Plaintiff from filing such a claim in the future, and this Court takes no position on the merits of such a claim.

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that the petition for writ of mandamus and declaratory relief be DISMISSED for lack of jurisdiction.

\\\
\\\

---

[2] The filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted *in forma pauperis* status. See 28 U.S.C. § 1915(b)(1).

[3] Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

| | |
|---|---|
| 1 | This Findings and Recommendation is submitted to the assigned United States District |
| 2 | Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local |
| 3 | Rules of Practice for the United States District Court, Eastern District of California. Within |
| 4 | **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file |
| 5 | written objections with the court and serve a copy on all parties. Such a document should be |
| 6 | captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned |
| 7 | United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 |
| 8 | U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified |
| 9 | time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d |
| 10 | 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)). |

IT IS SO ORDERED.

Dated: **May 30, 2019**          /s/ Erica P. Grosjean
                                 UNITED STATES MAGISTRATE JUDGE